```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X      For Online Publication Only
DEBRA CLAYBORNE,

                            Plaintiff,                            **MEMORANDUM AND
                                                                  ORDER**
         -against-                                                11–CV–3491 (JMA)


HUMAN RESOURCE DIRECTOR, and
HARMONY OUTREACH, L.L.C.,

                            Defendants.
----------------------------------------------------------X
```

APPEARANCES:

Debra Clayborne
1368 Webster Avenue, Apt. 5J
Bronx, NY 10456
    *Pro Se Plaintiff*

**AZRACK, United States District Judge:**

    Plaintiff Debra Clayborne ("plaintiff"), proceeding *pro se*, filed the instant suit against defendant Harmony Outreach, L.L.C. ("Harmony Outreach"), alleging that she was wrongfully terminated based on her age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. (See generally Compl., ECF No. 1; Amended Order, Apr. 22, 2014.) Harmony Outreach, despite being properly served, failed to appear or otherwise respond to the complaint. (Third Supp. Summons, ECF No. 12.) On August 22, 2014, plaintiff moved for default judgment against Harmony Outreach. (Affirm. of Debra Clayborne ("Clayborne Affirm.") in Supp. of Mot. for Default J., ECF No. 14.) On October 17, 2014, the Honorable Eric N. Vitaliano referred this motion to me for a report and recommendation. On December 19, 2014, I was appointed as a District Judge and on January 14, 2015 this case was transferred to me.

1

For the reasons discussed below, the Court denies plaintiff's motion for a default judgment against Harmony Outreach. However, the Court grants plaintiff 30 days to file an amended complaint.

## I. BACKGROUND

The facts below are taken from the complaint and certain documents related to proceedings before the Equal Employment Opportunity Commission ("EEOC").[1]

From September 17, 2008 to November 26, 2008, Harmony Outreach employed plaintiff as a Residential Coordinator at Harmony House II, a homeless shelter. (EEOC Charge.) At the time she was 52 years old. (Compl. at 3; EEOC Determination Letter ("Determination Ltr."), Compl. Attachment, at 1.) Harmony House II had 36 residents and was understaffed. (EEOC Charge.) Donna Decicco ("Decicco"), plaintiff's manager, refused to hire more staff. (Id.) Plaintiff was required to control all 36 residents by herself, which plaintiff maintains is an impossible task. (Id.) Additionally, plaintiff was the only person that worked in "two departments." (Id.) Plaintiff alleges that she was given "unrealistic expectations of work." (Id.)

On November 26, 2008, Decicco terminated plaintiff, via telephone, stating that plaintiff "could not control [the] 36 residents who lived at the house."[2] (EEOC Charge.) Plaintiff did not receive "a written warning and never had training for the building's operation." (EEOC Charge.)

That same day, plaintiff filed a charge with the New York State Division of Human Rights. (Compl. at 4.) On March 26, 2009, plaintiff filed a charge with the EEOC alleging that

---

[1] Plaintiff filed a Charge of Discrimination with the EEOC ("EEOC Charge"). (EEOC Charge, ECF No. 15.) I will consider the EEOC charge in addressing the instant motion for default judgment. See McIntosh v. Bank of Am., No. 06−CV−0708S, 2010 WL 7363296, at *5 (W.D.N.Y. June 7, 2010) (explaining that, in context of a motion to dismiss, "a plaintiff's EEOC charge may be considered either as matters referenced in the complaint or as public records subject to judicial notice").

[2] In her motion for default judgment, plaintiff states that during this phone call, Decicco stated that plaintiff had been "too nice" to the female residents. (Clayborne Affirm. ¶ 6.)

her termination was discriminatory. (Id.) The EEOC determined that plaintiff established a prima facie case of employment discrimination under the ADEA and that there was reasonable cause to believe that plaintiff was "subjected to disparate treatment based upon [her] age."[3] (Determination Ltr. at 1–2; Ltr. from Kerry Berry ("Berry Ltr."), Compl. Attachment.) The EEOC attempted to resolve the charge, however, eventually concluded that efforts at conciliation would be unsuccessful and issued plaintiff a Notice of Right to Sue on July 1, 2011. (Berry Ltr.; Notice of Right to Sue, Compl. Attachment.)

On July 19, 2011, plaintiff filed the instant action, seeking "such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees." (Compl. at 5.) When Harmony Outreach failed to appear, the Clerk of Court issued a certificate of default as to Harmony Outreach.[4] (Entry of Default, Aug. 26, 2014.) In her motion for default judgment, plaintiff requests four years of back pay and punitive damages. (Clayborne Affirm. at 2.)

## II. DISCUSSION

### A. Default Judgment Standard

Where, as here, the Clerk of Court has entered a party's default, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The allegations in the complaint must establish, as a matter of law, the non-moving party's liability. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp, 653 F.2d at 65).

---

[3] This determination was due, in part, to Harmony Outreach's failure to respond to EEOC inquiries about the charge. The EEOC informed Harmony Outreach that failure to respond would result in the EEOC "conclud[ing] that any information and evidence being withheld would support the allegations in this case, and [the EEOC would] make a determination to that effect." (Determination Ltr. at 1–2.)

[4] The ADEA precludes individual liability. Thorpe v. Piedmont Airlines, Inc., 926 F. Supp. 2d 453, 462 (N.D.N.Y. 2013). Therefore, to the extent that the complaint names the "Human Resource Director" as a defendant, that claim is dismissed *sua sponte*. Moreover, the "Human Resource Director" has never been served. (Summons Returned Unexecuted, ECF No. 7.)

To make the above determination, courts are guided by the principles set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See TAGC Mgmt., L.L.C. v. Lehman, Lee & Xu Ltd., 536 F. App'x 45, 47 (2d Cir. 2013) (analyzing the legal sufficiency of the complaint's allegations, for purposes of a default judgment, under the standards enunciated in Twombly and Iqbal); Belizaire v. RAV Investigative & Sec. Servs. Ltd., --- F. Supp. 3d ---, No. 12–CV–8268, 2014 WL 6611560, at *5 (S.D.N.Y. Nov. 21, 2014) (analyzing the *pro se* complaint under Twombly and Iqbal for purposes of determining liability in a motion for default judgment).

Thus, plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Belizaire, 2014 WL 6611560, at *5 (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In evaluating a *pro se* complaint, a court is not limited to the causes of action specified by the plaintiff, but instead "must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel," Branham v. Meachum, 77 F.3d 626, 628–29 (2d Cir. 1996), and must construe it to raise the strongest claims it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases).

**B.    Liability**

   **1. Plaintiff Has Not Sufficiently Alleged that Harmony Outreach is an "Employer" under the ADEA**

As a threshold matter, plaintiff is required to allege sufficient facts to establish that Harmony Outreach was an "employer" as defined by the ADEA. Under the ADEA, an employer

4

"means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Here, plaintiff failed to allege the number of employees that Harmony Outreach employed. Moreover, the Court was unable to find any publicly available information about the number of employees who worked for Harmony Outreach. Cf. Belizaire, 2014 WL 6611560, at *8 (finding that a court may take judicial notice of the information contained on a defendants' own website where the *pro se* plaintiff did not specifically allege the number of defendant's employees.) Accordingly, plaintiff has not satisfied this threshold requirement.[5]

### 2. Plaintiff has not Alleged Sufficient Facts of Discriminatory Intent

Even if plaintiff had alleged sufficient facts to establish that Harmony Outreach was an "employer" under the ADEA, plaintiff has not alleged sufficient facts from which it could be plausibly inferred that Harmony Outreach terminated her because of her age. To establish an ADEA claim, a plaintiff must allege that: (1) she was a member of a protected group, i.e. plaintiff is at least 40 years old; (2) she was qualified for the position or performed it satisfactorily; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discriminatory intent. Caskey v. County of Ontario, 560 Fed App'x 57, 58 (2d Cir. 2014). The plaintiff must show that age was the "but-for" cause of the employer's adverse action to prevail on an ADEA claim. See Gross v. FBL Fin. Servs. Inc., 557 U.S. 167, 179 (2009).

Considering plaintiff's *pro se* status, plaintiff has adequately pleaded the first three elements of a discrimination claim under the ADEA. However, plaintiff fails to sufficiently

---

[5] Although the EEOC recognized Harmony Outreach as an "employer," the facts underlying that determination have not been alleged in the complaint or in any of the EEOC-related documents submitted to the Court. Indeed, in the EEOC Charge, plaintiff stated the number of employees who worked for Harmony Outreach was "unknown."

5

plead that the adverse action, i.e. her termination, occurred under circumstances giving rise to an inference of discriminatory intent. In the complaint, plaintiff simply alleges, in a conclusory fashion, that she was "terminated because of [her] age." (Compl. at 4.) While plaintiff's EEOC Charge asserts that no one else had to work two departments, that she was not given any written warnings prior to termination, and that she was held to "unrealistic expectations of work," those allegations do not plausibly suggest discrimination. See Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808–09 (2d Cir. 2011) (dismissing *pro se* complaint where plaintiff alleged that other employees involved in similar altercations were given preferential treatment, but did not allege that this preferential treatment was due to race or age); Sanders v. Grenadier Realty, Inc., 367 F. App'x 173, 175 (2d Cir. 2010) (dismissing discrimination claim under 42 U.S.C. § 1982 where plaintiff failed to "allege any facts supporting an inference of racial animus"); Kouakou v. Fideliscare N.Y., --- F. Supp. 2d ---, No. 11–CV–6714, 2012 WL 6955673, at *3–5 (S.D.N.Y. Dec. 17, 2012) (dismissing *pro se* complaint where comments alleged in the complaint did "not create an inference that the denial of Plaintiff's requested transfer were motivated by his race or national origin, particularly where Plaintiff [did not allege that his employer granted transfer requests of similarly situated employees outside of plaintiff's racial group]"); Williams v. Addie Mae Collins Cmty. Serv., No. 11–CV–2256, 2012 WL 4471544, at *4 (S.D.N.Y. Sept. 27, 2012) (dismissing *pro se* complaint that failed to "demonstrate any facially plausible nexus between [plaintiff's] protected characteristics and [defendant's] failure to hire her").

Moreover, in this case, the EEOC's reasonable cause determination is not sufficient, standing alone, to allege a plausible claim. Cf. McIntosh, 2010 WL 7363296, at *2, *6 (dismissing the sex discrimination claim where the complaint failed to set forth any factual basis

for that claim, notwithstanding the EEOC finding "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge . . . .")

Accordingly, plaintiff has not alleged sufficient facts to plausibly establish that Harmony Outreach terminated her due to her age.

**C.     Leave to Amend**

A party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999). In light of the EEOC's reasonable cause determination, the Court grants plaintiff 30 days to file an amended complaint.

Plaintiff may have a viable claim if she can allege, in an amended complaint, one or more of the following: (1) that employees younger than plaintiff worked in only one department; (2) that employees younger than plaintiff were given warnings prior to termination; or (3) that employees younger than plaintiff were not held to unrealistic expectations. Cf. Boykin v. KeyCorp, 521 F.3d 202, 214–15 (2d Cir. 2008) (finding that the *pro se* complaint "indicate[d] the possibility of discrimination and thus present[ed] a plausible claim of disparate treatment" where plaintiff alleged, on information and belief, that she was denied a loan and similarly situated loan applicants outside of her protected classes received loans and were treated more favorably throughout the application process); DiPetto v. U.S. Postal Serv., 383 F. App'x. 102 (2d Cir. 2010) (reversing dismissal of skeletal *pro se* complaint alleging that, as compared to plaintiff's African-American and homosexual co-workers, plaintiff did more work, received less overtime, and was treated differently regarding documentation necessary for sick leave); Morales

7

v. Long Island Rail Road Co., No. 09–CV–8714, 2010 WL 1948606, at *3–4 (S.D.N.Y. May 14, 2010) (finding allegation that employees of other races engaged in similar misconduct, but did not receive any punishment, sufficient to establish the fourth prong of plaintiff's prima facie case for purposes of motion to dismiss).

Any additional factual details that plaintiff can provide regarding the alleged discrimination, including the approximate age of any other relevant employees, may aid the Court in addressing any future motion for default judgment.

### III. CONCLUSION

For the forgoing reasons, the Court dismisses the claims against "Human Resource Director" and denies plaintiff's motion for default judgment. However, the Court grants plaintiff 30 days to file an amended complaint. Failure to file an amended complaint within 30 days will result in the dismissal of this case with prejudice.

SO ORDERED.

Dated: January 20, 2015
Brooklyn, New York

                                                   /s/ (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE